

Thomas D. McBride, for licensee.

E. P. Hammond, for Liquor Control Board.

ALESSANDRONI, J., February 27, 1946.—This is an appeal from a revocation of a restaurant liquor license. The Pennsylvania Liquor Control Board found that the licensee was not the only person pecuniarily interested in the operation of the licensed premises, in violation of sections 403 and 410 of the Pennsylvania Liquor Control Act of June 16, 1937, P. L. 1762, 47 PS §744, 403, 410. The citation was dismissed insofar as it charged the licensee with making a false statement in his application.

On November 15, 1944, Harry Weinberg applied for a transfer of the license in question to premises 4629-31 Frankford Avenue. This application was granted on December 12, 1944. The evidence established that the licensee entered into a written agreement under date of December 1, 1944, with his brother Samuel, by the terms of which they were to operate the premises as a partnership for a period of seven years. Each partner was to supply the sum of $7,500 as his capital con-

tribution and the profits and losses were to be shared equally. Samuel Weinberg was unable to furnish his share of the capital, but with Harry Weinberg pledging collateral security and acting as a joint maker, the sum of $7,200 was borrowed on two promissory notes.

The restaurant was closed from January 2 until March 8, 1945, during which time extensive repairs costing approximately $22,000 were made. This sum was contributed by the licensee either directly or by becoming a joint maker on the notes as described. A dispute arose between the parties as a result of which the restaurant was closed on June 2, 1945, by the licensee. Samuel Weinberg, on cross-examination, admitted that he never actually furnished his capital contribution, and that the agreement of partnership contemplated that when he did, he would become a joint licensee. It is clear that the contract of partnership was executory and depended upon a contingency that never occurred.

No fraud or deceit was practiced upon the board and the parties disclosed the status of their dealings voluntarily. When the dispute arose between them, the license was surrendered to the board for safekeeping, as required by the regulations, until that dispute had been adjusted. The licensee, experienced in conducting restaurants, was interested in the welfare of his brother who had no prior experience and apparently inadequate financial resources. He was not, however, personally unqualified or incapacitated from becoming a licensee, so that this case is clearly distinguishable from the deceptive arrangements common in revocation of liquor licenses in which a person who is unable to qualify for a license obtains an interest in the business: Revocation of Mark's License, 115 Pa. Superior Ct. 256; Saybolt's License, 53 D. & C. 468; Van Buren's License, 32 D. & C. 581; In re Simmons, 22 D. & C. 55. Furthermore, the regulations of the board would have made it difficult for the parties to secure a joint license until Samuel Weinberg had contributed his share of the capital.

The power to revoke a restaurant liquor license is confined to section 410 of the Liquor Control Act. We find no violation of the act nor the laws of the Commonwealth. If there had been an intent to deceive the board or to circumvent its regulations, the order of revocation would have been justified. The competent evidence, however, does not support a finding that one other than the licensee was pecuniarily interested in this business. The interest of Samuel Weinberg was potential and contingent upon an event that never happened, and it is clear from the circumstances that the parties intended a future association rather than one to be immediately effective.

For the foregoing reasons, therefore, the appeal must be sustained and the decision of the board revoking the appellant's license reversed.

### Order

And now, to wit, February 27, 1946, the appeal is sustained and the decision of the Pennsylvania Liquor Control Board is reversed.